vol. 130.] SEPTEMBER TERM, 1908. 659

Louisville Home Telephone Co., &c. v. City of Louisville, &c.

CASE 78.—APPLICATION BY THE APPELLANT LOUISVILLE
HOME TELEPHONE COMPANY FOR A WRIT OF
MANDAMUS AND FOR EXTENSION OF TIME IN
WHICH TO FILE COMPLETE TRANSCRIPT IN
APPELLATE COURT IN THE CASE OF LOUIS-
VILLE HOME TELEPHONE COMPANY V. CITY OF
LOUISVILLE, &C.—March 24, 1909.

## Louisville Home Telephone Co., v. City of Louisville, &c.

Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

THOMAS R. GORDON, Judge.

Writ and motion denied.

1. Exceptions, Bill of—By Whom Prepared.—A bill of excep-
tions cannot be prepared by the successful party, and the
unsuccessful party may take the time given by express stat-
ute for that purpose.

2. Appeal of Record—Filing Incomplete Transcript—Supple-
mentation.—Civ. Code Prac. section 741, providing that the
appellee may file an authenticated copy of the record in the
clerk's office of the Court of Appeals with the same effect
as if filed by the appellant, carries with it the necessary
implication than the record has been completed in the court
below, and does not confer on an appellee the right to file
an incomplete transcript and then supplement it by subse-
quently filing the bill of exceptions.

3. Mandamus — Bill of Exceptions.— Necessity. — Where, in an
action for a mandamus, witnesses were heard, the evidence
was taken by the court stenographer, the conclusion of law
and fact were separated, motion and grounds for new trial duly
passed on and filed, and the stenographer's transcript of
evidence was filed on plaintiff's motion, a bill of exceptions
was necessary in order to have rulings on evidence reviewed,

and the responsibility of preparing such bill was on defendants.

No briefs. Record out of office.

DODD & DODD and CLAYTON BLAKEY for appellants.

HELM BRUCE and KOHN, BAIRD, SLOSS & KOHN for Louisville Home Telephone Co.

OPINION OF THE COURT BY SPECIAL JUDGE T. L. EDELEN.

This action comes before the court upon two questions: First, a petition for a mandamus directing the judge of the Second division of the common pleas branch of the Jecerson circuit court to consider and, if found correct, to sign the bill of exceptions tendered by the successful party in an action which terminated in a judgment on March 2, 1909; and, second, upon a motion addressed to this court by the same party for an extension of time to file a completed transcript in the same case.

The purpose of these motions is plainly to avoid the delay which will result if the unsuccessful party takes the time given him by law to perfect his own appeal. The case, which was a mandamus action tried out on issues of fact, was decided by Judge Gordon on March 2, 1909. On March 9th the motion for a new trial was overruled. In the ordinary and orderly course of business the unsuccessful party had 60 days within which to tender a bill of exceptions. In the very nature of things a bill of exceptions can not be prepared by the successful party. It is not every ruling by the trial court, to which unavailing objection is made, that counsel wishes reviewed by an appellate tribunal. Many exceptions taken in the heat of trial **evaporate**

over night, and it is only those which crystalize into substantial error which counsel usually embody in a bill of exceptions. The bill usually represents a survival of the unfittest rulings. It is for this reason that Civil Code of Practice, section 337, imposes upon the losing party the duty of preparing the bill, and in this preparation he may use the official stenographer's report. Section 4644, Ky. Stats. (Russell's Stats., section 3115). True by section 337 of the Civil Code all the decisions excepted to in their order are required to be included, but practically the bill is an enumeration of errors complained of upon which counsel intends to rely for reversal. It follows, therefore, in the nature of things a bill of exceptions can not be prepared by the successful party, and the unsuccessful one may take the time given him by express statute for that purpose. Besides, on the overruling of the motion for a new trial, the order was entered giving the defendants 60 days within which to tender their bill.

2. The application for an extension of time by the telephone company to file a completed transcript must also be denied. By section 741 of the Civil Code of Practice: "The appellee may file an authenticated copy of the record in the clerk's office of the Court of Appeals with the same effect as if filed by the appellant." This section carries with it the necessary implication that the record has been completed in the court below, because otherwise it could not be authenticated. To construe it as conferring upon an appellee the right to file an incomplete transcript and then supplement it by subsequently filing the bill of exceptions would be to confer upon the appellee a right which this court has uniformly denied to the appellant.

The appellee further contends that in this case it has filed a complete transcript, because no bill of ex-

ceptions is necessary in an action for a mandamus. An action for a mandamus is an ordinary action tried by the court upon evidence whose competency is tested by the ordinary rules of law. In this case witnesses were heard, the evidence was taken by the court stenographer, the conclusion of law and fact were separated, motion and grounds for new trial duly filed and passed on, and the stenographer's transcript of evidence—whose statutory purpose is to furnish material from which to prepare the bill of exceptions—was filed on motion of the plaintiff. Every reason which exists for a bill of exceptions in any case may be found here. Unless therefore a bill of exceptions be signed, no ruling of the court in the admission or rejection of evidence can be reviewed. We conclude that a bill of exceptions was necessary, and that the responsibility of preparing it rested on the defendants. They had 60 days for this purpose, both by statute and express order of the court.

The writ of mandamus against Judge Gordon and application and motion for extension of time to complete the transcript must therefore be denied.

JUDGES LASSING *and* O'REAR not sitting.